UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERRIWEATHER ROSE FRANKLIN,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 12-cv-03503-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO THE EAJA**

Re: Dkt. No. 37

Before the court is plaintiff Merriweather Rose Franklin's motion for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"). Dkt. 37. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This case began as an appeal from the Commissioner of Social Security's (the "Commissioner") decision to deny disability benefits to Franklin. On August 13, 2013, this court granted the Commissioner's motion for summary judgment, affirming the administrative law judge's ("ALJ") denial of benefits. Dkt. 28. Franklin appealed, and won a reversal in the Ninth Circuit on March 12, 2016. See Dkt. 33. The Ninth Circuit held that the ALJ had failed to provide "adequate reasons" for his adverse finding as to Franklin's credibility. Id. at 2. In particular, the ALJ did not "link the credibility determination to specific portions of Franklin's testimony." Id. at 2–3 (citing Brown-Hunter

1  v. Colvin, 806 F.3d 487, 495 (9th Cir. 2005)).  Following remand from the Ninth Circuit,

2  this court remanded the matter to the Commissioner for further proceedings.  Dkt. 35.

3        Franklin now moves for an award of attorneys' fees under EAJA, 28 U.S.C.

4  § 2141(d), for the work performed by her attorneys in this court and on appeal to the

5  Ninth Circuit.  Dkt. 37 ("Mot.").  The fee application is timely and supported by

6  declarations from three attorneys—David J. Linden, Ralph Wilborn, and Linda Ziskin—

7  who worked on this matter.  Linden seeks fees for a total of 3.5 hours for his initial

8  meeting with Franklin and preparing the complaint and IFP application.  Dkt. 38-1.

9  Wilborn seeks fees for 108.25 hours for evaluating the case, reviewing the administrative

10 record, briefing the motion for summary judgment before this court, and drafting the

11 appellate briefs in the Ninth Circuit.  Dkt. 38-2.  Ziskin seeks fees for 27.2 hours for

12 preparing and presenting oral argument before the Ninth Circuit.  Dkt. 38-3.

13       The EAJA caps maximum the maximum hourly rate at $125, but provides for

14 increases based on the cost of living.  28 U.S.C. § 2142 (d)(2)(A).  The attorneys each

15 use the standard maximum rates under the EAJA listed on the Ninth Circuit website

16 pursuant to Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005).  See U.S.

17 Court of Appeals for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access

18 to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last

19 visited July 26, 2016).

20       The requested fees amount to $20,355.73 for Wilborn's work, $5,175.62 for

21 Ziskin's work, and $648.10 for Linden's work, plus expenses in the amount of $688.15.

22 Mot. at 7.  Plaintiff further requests an additional $1,150.20 for 6 hours of work briefing

23 the reply brief in support of this motion for attorneys' fees.  Dkt. 40 at 10.  In all, the

24 plaintiff seeks $28,017.80 in fees and expenses.

25       **DISCUSSION**

26 **A.    Legal Standard**

27       The EAJA mandates an award of attorneys' fees and expenses to a prevailing

28 party other than the United States in any civil action, other than one sounding in tort,

"brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. ORNC v. Marsh, 52 F.2d 1485, 1492 (9th Cir. 1995). In making this determination, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Gutierrez v. Barnhart, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (citation omitted).

Substantial justification requires "a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The Commissioner is 'substantially justified' if his position met 'the traditional reasonableness standard - that is justified in substance or in the main, or to a degree that could satisfy a reasonable person.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002) (citations and quotations omitted). Moreover, "[t]he Supreme Court has explained that 'a position can be justified even though it is not correct,'" so long as it has "a reasonable basis in law and fact.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 556 n.2 (1988)); see also Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA").

If fees are awarded under the EAJA, the court has considerable discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). In determining what constitutes a reasonable fee, a court should consider factors such as the number of hours requested and any duplication of effort. Id. at 1397. The court should "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437; Comm'r, INS v. Jean, 496 U.S. 154 (1990). The starting point for determining reasonable fees is the reasonable hours of work expended on the case, multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433.

Counsel should not seek fees for work that is "excessive, redundant, or otherwise unnecessary." Id. at 434. It is improper, however, for courts to apply any "de facto cap" to the number of hours attorneys may bill for particular types of cases; rather, "individualized consideration must be given to each case." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1134 (9th Cir. 2012). The district court may impose, however, up to a 10 percent "haircut" on the fees claimed based on its exercise of discretion and "without a more specific explanation." See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Greater reductions, however, require "a more specific articulation of the court's reasoning." Id. at 1111.

**B.   Legal Analysis**

There is no dispute Franklin is a "prevailing party" here because the Commissioner's denial of her benefits has been reversed and remanded, regardless of whether or not disability benefits are ultimately awarded. See Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("A party is eligible for fees under EAJA if he wins at any intermediate stage in the proceedings—for instance, by obtaining a remand from the appeals court . . . ."). Franklin meets the other requirements under the EAJA, including the net worth limitation.

The Commissioner opposes the motion for attorneys' fees on only two grounds. First, she argues that the government's position in this case was substantially justified. Dkt. 39 ("Opp'n"). The Commissioner points out that this court affirmed the ALJ's credibility finding, demonstrating that "[r]easonable minds differed in this case." Opp'n at 3. Although the Ninth Circuit found the ALJ's articulation of reasons "insufficient," the Commissioner argues that there was a reasonable factual and legal basis for the ALJ's ruling. Id. (citing Pierce 487 U.S. at 565).

Second, the Commissioner urges several reductions in the claimed fees as "excessive, redundant, or unnecessary". Opp'n at 7 (citing Hensley, 461 U.S. at 433). In particular, the Commissioner requests the following five reductions:

///

4

- **1. A 20% reduction in all of Wilborn's briefing hours due to Wilborn's "kitchen-sick" writing style.** The Commissioner criticizes Wilborn's briefs in this case, arguing that they do not focus on the strongest claims and noting that the Ninth Circuit found merit with only one of six arguments. Opp'n at 9.
- **2. A reduction of 18.4 hours in Wilborn's fee for the opening brief in the Ninth Circuit.** The Commissioner observes that Wilborn spent 29 hours on the opening appellate brief, even though it was "largely copied-and-pasted" from his summary judgment brief in this court, on which he spent 31.75 hours. Opp'n at 7–8.
- **3. A reduction of 8 hours in Wilborn's fee for the reply brief in the Ninth Circuit.** The Commissioner argues that 27.25 hours to write the Ninth Circuit reply brief is "excessive", pointing out that this is almost as much time as he spent on the opening summary judgment brief, a much more complicated task. She urges a reduction by 8 hours. Opp'n at 8–9.
- **4. A reduction in 8.5 hours for Wilborn's time advising Ziskin.** The Commissioner argues that Ziskin is an experienced appellate advocate, and that 8.5 hours to advise her are unreasonable, given that it was the plaintiff's decision to associate appellate counsel. Opp'n at 9–10.
- **5. A reduction of 5 hours in Ziskin's time.** The Commissioner asserts that 27.2 hours for an oral argument is unreasonable in light of Ziskin's experience. Opp'n at 10.

**1.     Whether the Government's Position Was Substantially Justified**

The court first considers whether the government's position in this case was substantially justified, which would preclude any fee award. 28 U.S.C. § 2412(d)(1)(A). Both parties agree that, with regard to substantial justification, the court need only consider the issue reversed on appeal—here, the ALJ's credibility finding. Mot. at 4; Opp'n at 2; see Hardisty v. Astrue, 592 F.3d 1072 (9th Cir. 2010).

The court finds that the Commissioner's position was not substantially justified. In this case, the Ninth Circuit's reversal was based on a well-established line of cases holding that an ALJ must "specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001); see also, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) ("[W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."); Treichler v. Comm'r of Soc. Sec.

1  Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (the ALJ must "specifically identify the
2  testimony" he found not credible); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)
3  ("General findings are insufficient; rather, the ALJ must identify what testimony is not
4  credible and what evidence undermines the claimant's complaints.") (citing Lester v.
5  Chater, 81 F.3d 821, 834 (9th Cir.1995)).  Although the ALJ here gave several general
6  reasons why he questioned the claimant's credibility which this court found persuasive,
7  he erred by not citing to the "specific portions" of testimony that he found incredible, and
8  this court erred by overlooking that fact.  Dkt. 33 at 2.
9        The burden is on the Commissioner to show substantial justification, and the EAJA
10 creates a presumption that fees will be awarded to prevailing parties.  Flores v. Shalala,
11 49 F.3d 562, 567 (9th Cir. 1995).  Indeed, the Ninth Circuit has held that it will only be a
12 "decidedly unusual case" when "there is substantial justification under the EAJA even
13 though the agency's decision was reversed as lacking in reasonable, substantial and
14 probative evidence in the record."  See Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2013)
15 (quoting Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005)).  This case is not a
16 "decidedly unusual" one; rather, this is a routine reversal for a procedural error by the
17 ALJ, based upon well-established Ninth Circuit authority.  Compare Hutton v. Colvin, No.
18 CV 09-5388 CRB, 2013 WL 3490626, *2 (N.D. Cal. July 11, 2013) (awarding fees under
19 the EAJA following reversal by Ninth Circuit on procedural issue); Connor v. Barnhart,
20 No. CV-01-20656-JF, 2004 WL 2600417, *2 (N.D. Cal. Nov. 15, 2004) (same).
21       Accordingly, the court finds that the government's position was not substantially
22 justified, and that an award of attorneys' fees under the EAJA is appropriate.
23       **2.**    **Whether the Claimed Attorneys' Fees Are Reasonable**
24       The court next turns to the reasonableness of the claimed fees.  As the
25 Commissioner does not challenge Linden's fees (**$648.10**), or the expenses claimed
26 (**$688.15**), the court will grant the motion with respect to these fees and expenses.  The
27 Commissioner also does not challenge the hourly rates used by the plaintiff's attorneys.
28 ///

The remaining issues, then, are the reasonableness of the number of hours claimed by Wilborn and Ziskin. For the reasons that follow, the court finds that two of the Commissioner's objections to Wilborn's hours have merit, and will reduce the claimed fee award accordingly.

i. Wilborn's Hours

The Commissioner's challenge to the hours that Wilborn spent advising Ziskin is a moot issue, as it was based on a misunderstanding of Wilborn's supporting declaration. Fees for these hours were not actually claimed. See Dkt. 40-2.

The Commissioner makes three other challenges to Wilborn's hours, urging (1) an across-the-board 20% reduction based on Wilborn's "kitchen-sink" briefing style; (2) a reduction in the hours spent drafting the Ninth Circuit opening brief because it was largely "copied-and-pasted" from the plaintiff's summary judgment brief; and (3) a reduction in the "excessive" amount of time spent drafting the Ninth Circuit reply brief. Opp'n at 7–9.

**"Kitchen-Sink" Briefing Style.** The Commissioner urges a 20% across-the-board reduction in Wilborn's brief writing hours based on his scattershot approach to briefing in this case. The Commissioner directs the court's attention to Reyna v. Astrue, No. 1:09-cv-00719-SMS, 2011 U.S. Dist. LEXIS 139977 (E.D. Cal. Dec. 6, 2011), aff'd, 548 F. App'x 404, 405 (9th Cir. 2013), which reduced Wilborn's hours on the following basis:

> Mr. Wilborn billed 22.75 hours for his preparation of Plaintiff's confidential letter brief (8.25 hours) and opening brief (14.5 hours). The opening brief being the linchpin of a social security appeal, 23 hours is not excessive per se. But when an attorney who represents himself to be a former administrative judge for the Social Security Administration and the author of a Social Security treatise spends approximately three working days preparing these briefs, the expected result is a concise and focused brief that clearly provides the information necessary to enable a court to make a decision favorable to the claimant. The opening brief in this case did not meet these expectations. Instead, the brief consisted of a confused laundry list of ten claims with little legal expertise applied to identify and winnow the weak arguments, to

> emphasize the strong ones, to separate the material facts from the mass of the agency record, or to discuss relevant precedent in detail.

Id. at 12-13. Largely due to "scattershot argument," Magistrate Judge Snyder reduced Wilborn's hours for the opening summary judgment brief from 22.75 hours to 16 hours, and reduced the hours for the reply brief from 24.5 to 12. Id. at 20.

The court has reviewed the briefs in this case and finds that a similar reduction is warranted. The summary judgment and appellate briefs here assert six different legal arguments, with little attempt to focus the case on the strongest grounds for remand. The briefing in the Ninth Circuit followed the same pattern. While the attorneys here did achieve a favorable result for their client, an appeal might never have been necessary in this case if the summary judgment briefing had focused on the strongest arguments. As a result, the court finds that the number of drafting hours expended by Wilborn was unnecessary and excessive, and will impose a 20% reduction (**$3,682.65**) in all briefing hours claimed by Wilborn, as urged by the Commissioner. Opp'n at 9.

**Ninth Circuit Opening Brief.** The Commissioner argues that 29 hours to write an opening appellate brief that was "largely copied-and-pasted" from his summary judgment brief in this court is excessive. Opp'n at 7-8. Having compared the two briefs, the court agrees. The briefs are remarkably similar; the factual background and most of the arguments are nearly identically copied. To be clear, there is nothing inherently problematic with copying and pasting material from earlier briefs, which is a reasonable and efficient practice. However, the number of hours claimed should reflect the time saved through the use of this practice. Here, it is difficult to believe that it took Wilborn almost the same amount of time to write the opening appellate brief (the substantial majority of which appears to be cut-and-pasted), as he did to research and write the opening summary judgment brief, which required an original analysis of the ALJ decision and factual record.

The Commissioner requests a reduction of the claimed 29 hours to 10.6 hours. However, since 8 of the 29 hours included Wilborn re-familiarizing himself with the record

1  and district court briefing, the court will not reduce those hours.  Of the 21 hours spent
2  drafting the brief, the court finds that 10 is more than reasonable for an experienced
3  advocate familiar with the record to produce approximately 9 pages of original writing.
4  This reduces the Wilborn's claimed fee by 11 hours, which amounts to a reduction of
5  **$2,090.66** (11 x $190.06).

6  **Ninth Circuit Reply Brief.**  The Commissioner argues that 27.25 hours to write
7  the Ninth Circuit reply brief is "excessive," and urges the court to reduce this amount by 8
8  hours.  Commissioner's primary basis for this reduction is that the reply brief spent only a
9  few pages on the argument that was successful.  Opp'n at 8.  However, the court has
10 already reduced all briefing hours by 20% based on the less-than-ideally-focused
11 briefing, and finds that no further reduction for the appellate reply brief is warranted.

12         ii.        Ziskin's Hours

13 The Commissioner's final objection argues that Ziskin's time should be reduced by
14 4 hours because 27.2 hours for an oral argument is unreasonable in light of her
15 experience.  While 27.2 hours may be high, Ziskin was required to familiarize herself with
16 the entire record, review all the arguments in the briefs, and prepare an oral presentation.
17 Approximately three work days to prepare a successful appellate argument does not
18 strike the court as unreasonable.  The court will therefore award the requested **$5,175.62**
19 for Ziskin's work.

20         **CONCLUSION**

21 For the foregoing reasons, the motion for attorneys' fees in GRANTED IN PART
22 and DENIED IN PART.  To review, the court will award **$648.10** for Linden's fees,
23 **$5,175.62** for Ziskin's fees, and **$688.15** in reimbursement for expenses, as requested in
24 the initial motion.  As to the $20,355.73 in fees requested by Wilborn, the court will
25 reduce this award to **$14,582.42**, based on two reductions of $3,682.65 and $2,090.66,
26 for the reasons stated above.  However, the court will award the additional **$1,150.20**
27 requested by Wilborn for the 6 hours of work expended in briefing the reply brief in
28 support of the motion for attorneys' fees.  In all, the award is $21,556.34 in fees and

$688.15 in expenses, for **a total of $22,244.49** out of the $28,017.80 sought. The fees should be made payable to the plaintiff, subject to any federal offset, in accordance with Astrue v. Ratliff, 560 U.S. 586, 592–93 (2010).

**IT IS SO ORDERED.**

Dated: August 4, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge